IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GANNER,

        Plaintiff,                    No. CIV S-08-1445 GGH P

   vs.

C/O GIBSON, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a prisoner at the San Joaquin County Jail. On July 24, 2008, the court granted plaintiff thirty days to either file an in forma pauperis application or pay the filing fee. On July 31, 2008, plaintiff filed an application to proceed in forma pauperis. However, the portion of the application requiring certification by jail officials was not complete. In addition, plaintiff did not file a trust account statement for the past six months.

        On July 31, 2008, plaintiff filed an affidavit stating that he believes that if he sent his in forma pauperis application to the sheriff's staff, he would never see it again.

        On August 22, 2008, the court granted plaintiff to file a completed in forma pauperis affidavit and trust account statement. If jail officials refused to process the application, plaintiff was directed to file a declaration describing his attempts to obtain a completed application, including the names of the jail officials who refuse to process the application.

1

On September 23, 2008, plaintiff filed a declaration with the court describing his attempts to obtain a completed in forma pauperis application. Plaintiff states that on August 25, 2008, he sent the in forma pauperis application to Kristen Hamilton, Inmate Programs and Services Director. On August 26, 2008, Hamilton returned the application with a memo stating that she was unable to provide plaintiff with copies of his trust account. She stated that the Records Department would be able to provide plaintiff with his trust account information. She also stated, "I would suggest using an inmate request form, address it to the Jail's Record's Division, and attach that form that you need filled out certifying your inmate trust account balance." See Memo attached to plaintiff's September 23, 2008, pleading.

Plaintiff states that on September 3, 2008, he deposited an application to proceed in forma pauperis in an envelope addressed to the Records Department. Plaintiff claims that the records department failed to respond. Plaintiff claims that on three separate dates he sent the records department notes asking them to return the application but did not receive a response.

Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it will lose jurisdiction of this action if plaintiff is unable to obtain a completed in forma pauperis application.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The San Joaquin County Sheriff is ordered to file briefing within twenty days addressing plaintiff's inability to obtain a completed in forma pauperis application, as discussed above;

2. The Clerk of the Court is directed to serve this order on Sheriff, San Joaquin County Sheriff, 7000 S. Michael N. Canlis Blvd., French Camp, CA, 95231.

DATED: 10/21/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

ganner.alw