IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GANNER,                              No. CIV S-08-1445 GGH  P

   vs.

C/O GIBSON, et al.,                         <u>ORDER</u>
_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).  This case has a rather tortured procedural history initially due to difficulties obtaining a properly completed in forma pauperis application from plaintiff and the county jail where he was detained at that time. Later, by order on January 21, 2009, the court granted plaintiff leave to file an amended complaint as plaintiff had filed several motions to supplement the original complaint with additional facts.  The court stated that failure to file an amended complaint would result in the court screening the original complaint solely.  On March 9, 2009, the court granted plaintiff a 45 day extension to file an amended complaint.  Plaintiff has been transferred to several different prisons since that time and the order has been re-served to insure service.  Most recently, the

order was re-served on plaintiff at Folsom State Prison on August 18, 2009, but plaintiff has not filed an amended complaint. Thus, the court will screen plaintiff's original complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1   　　　　　　In reviewing a complaint under this standard, the court must accept as true the
2   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5   1843 (1969).
6   　　　　　　Plaintiff alleges that while in detention at San Joaquin County Jail, he was quickly
7   ushered out of his cell to be transported when he forget a pair of shoes.  Plaintiff alleges that the
8   guards would not allow him to retrieve the shoes nor would they bring the shoes to him.  After
9   passing though a metal detector plaintiff alleges that a guard performed a search, "but it was no
10  ordinary pat search, it was an inappropriate rubdown."  Plaintiff alleges that the search was
11  sexual in nature as the guard tightly rubbed his legs, thighs and buttocks.  However, the guard did
12  not search plaintiff's groin or waist area.  Several other guards were observing as this occurred.
13  　　　　　　There can be no doubt that sexual abuse is wanton, and prisoners have a right to
14  be free from such abuse at the hands of guards.  Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th
15  Cir.2000).  Yet, not every "malevolent touch by a prison guard" violates the Eighth Amendment.
16  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992).  The Supreme Court has held, "de
17  minimis uses of physical force" are not unconstitutional unless it of a sort that is "repugnant to
18  the conscience of mankind."  Id. at 10.  While the allegations are disturbing, plaintiff has not
19  alleged facts which show that this incident amounted to sexual abuse in violation of the Eighth
20  Amendment.  Plaintiff's claim will be dismissed with leave to amend.
21  　　　　　　Plaintiff is also informed that the United States Supreme Court has held that "an
22  unauthorized intentional deprivation of property by a state employee does not constitute a
23  violation of the procedural requirements of the Due Process Clause of the Fourteenth
24  Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v.
25  Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 805 (9th
26

Cir.1989) ("[i]n <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981),[1] the Court held that where a deprivation of property resulted from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfied the requirement of due process.") Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir.1985). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq .

In the instant case, plaintiff has not alleged facts which sufficiently describe if a deprivation occurred, much less whether any such deprivation may have been authorized. Thus, any claim regarding plaintiff's shoes does not state a cognizable claim for relief and will be dismissed with leave to amend, within twenty-eight days of service of this order. Failure to file an amended complaint will result in an order dismissing this action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

---

[1] Overruled on another ground by <u>Daniels v. Williams</u>, 474 U.S. 327, 330-331, 106 S.Ct. 662, 664 (1986).

```
```

order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in dismissal of this action.

DATED: November 2, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
gann1445.scrn2